IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH CHARLES GRAHAM )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORELOGIC RENTAL PROPERTY )<br>SOLUTIONS, LLC )<br>)<br>Defendant. ) | Civil Action No. 2:17-cv-03560-MMB |

**DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S
<u>ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES</u>**

Defendant CoreLogic Rental Property Solutions, LLC ("CoreLogic"), by and through its counsel, hereby answers the Complaint filed by Plaintiff Ralph Charles Graham ("Plaintiff") and asserts its defenses as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. Plaintiff Ralph Charles Graham brings this civil action for damages against Defendant Corelogic Rental Property Solutions, LLC ("Corelogic") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

**<u>ANSWER</u>:** CoreLogic admits only that Plaintiff purports to bring a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, but CoreLogic denies that it has violated the FCRA or any other applicable law.

**<u>THE PARTIES</u>**

2. Mr. Graham is a natural person domiciled in Honey Brook, PA.

**<u>ANSWER</u>:** CoreLogic admits that Mr. Graham is a natural person, but it is without knowledge or information sufficient to form a belief as to the truth of the allegation that he is domiciled in Honey Brook, Pennsylvania.

3. Corelogic is a Delaware limited liability company and registered to conduct business in the Commonwealth of Pennsylvania.

**ANSWER:** CoreLogic admits the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

**ANSWER:** The allegations of paragraph 4 set forth legal conclusions to which no response is required. However, CoreLogic does not contest this Court's subject matter jurisdiction over the action.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Corelogic possesses sufficient contacts with this District to be deemed to reside in this District.

**ANSWER:** The allegations of paragraph 5 set forth legal conclusions to which no response is required. However, CoreLogic does not contest that venue is proper in this district.

## FACTUAL ALLEGATIONS

6. Mr. Graham is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

**ANSWER:** The allegations of paragraph 6 set forth legal conclusions to which no response is required. However, CoreLogic does not contest the fact that plaintiff is an individual.

7. Corelogic is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

**ANSWER:** CoreLogic denies that it is a "consumer reporting agency" as that term is defined at 15 U.S.C. §1681a(f). CoreLogic is a nationwide specialty consumer reporting agency, as defined pursuant to 15 U.S.C. §1681a(x).

8. On or about December 30, 2016, Mr. Graham submitted an application to rent land from the MISA Corporation.

**ANSWER:** CoreLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. As part of considering Mr. Graham's rental application, MISA Corporation requested a criminal background report from Corelogic.

**ANSWER:** CoreLogic admits that as part of the tenant screening report, MISA Corporation requested from CoreLogic a copy of Mr. Graham's criminal history report.

10. On or about December 30, 2016, Corelogic prepared and sold a criminal background report about Mr. Graham to MISA Corporation (the "Report").

**ANSWER:** CoreLogic admits that as a part of the tenant screening report that MISA Corporation requested from CoreLogic, CoreLogic provided Mr. Graham's tenant screening report that included criminal history information.

11. The Report is a "consumer report" as that term is defined by the FCRA. 15 U.S.C §1681a(d)(l).

**ANSWER:** Paragraph 11 sets forth legal conclusions to which no response is required. Insofar as paragraph 11 asserts facts and requires a response, CoreLogic admits that the Report is a "consumer report" as that term is defined in 15 U.S.C. § 1681a(d)(1).

12. The Report included false, inaccurate, misleading and/or incomplete information (collectively the "Inaccurate Information") including but not limited to:

 a. a record of conviction for manslaughter which does not belong to Mr. Graham;

 b. failing to report the jurisdiction where the above manslaughter charge originated, the date that charges were filed or the date of conviction; and

 c. reporting an offense for disorderly conduct in an incomplete and misleading manner by failing to report that the charge in fact related to a traffic violation.

**ANSWER:** CoreLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     On or about January 11, 2017, Mr. Graham's rental application was denied in whole or substantial part because of the Inaccurate Information reported by Corelogic on the Report.

**ANSWER:**   CoreLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     The Inaccurate Information included on the Report was the result of Corelogic's failure to follow reasonable procedures to assure maximum possible accuracy, *inter alia,* by: mixing criminal records that belong to another person on the Report; failing to employ procedures to properly match criminal records of individuals with common names; relying on incomplete and misleading criminal record information; and failing to consider and review actual court documents prior to including criminal records on consumer reports.

**ANSWER:**   CoreLogic denies the allegations of paragraph 14.

15.     Corelogic acted recklessly by failing to follow reasonable procedure to assure maximum possible accuracy as described above, and further, Corelogic knew or should have known that the procedures it follows to prepare consumer reports will result in inaccuracies similar or identical to the inaccuracies that appeared on the Report prepared about Mr. Graham.

**ANSWER:**   CoreLogic denies the allegations of paragraph 15.

16.     On or about February 6, 2017, Mr. Graham disputed the Inaccurate Information with Corelogic directly.

**ANSWER:**   CoreLogic admits only that on or about February 3, 2017, Plaintiff contacted CoreLogic to dispute the accuracy of criminal background information about Plaintiff. CoreLogic denies that it reported inaccurate, misleading, or incomplete information about Plaintiff at any relevant time.

17.     On or about February 27, 2017, Corelogic responded to Mr. Graham's dispute by informing Mr. Graham in writing that it refused to delete and/or update the Inaccurate Information disputed by Mr. Graham.

**ANSWER:**   CoreLogic admits only that CoreLogic sent Plaintiff a letter dated February 27, 2017. That document speaks for itself, and CoreLogic denies any characterization of the document that is inconsistent with the document when read in its entirety. CoreLogic denies the remaining allegations in paragraph 17.

18. Corelogic failed to conduct a reasonable investigation of Mr. Graham's dispute, *inter alia,* by: failing to conduct any investigation into the Inaccurate Information at all; failing to review and consider the information submitted by Mr. Graham; failing to contact Mr. Graham to elicit more specific information about his disputes; failing to obtain and review the actual court or police records related to the Inaccurate Information; and failing to contact persons or entities affiliated with the criminal records to verify their accuracy.

**ANSWER:** CoreLogic denies the allegations of paragraph 18.

19. Corelogic acted recklessly by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading criminal records similar or identical to the result of Mr. Graham's dispute.

**ANSWER:** CoreLogic denies the allegations of paragraph 19.

20. Mr. Graham has suffered injuries as result of Corelogic's conduct described above including but not limited to: a denied rental application, harm to reputation, humiliation, embarrassment, time lost disputing and emotional distress.

**ANSWER:** CoreLogic denies the allegations of paragraph 20.

21. Corelogic was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Corelogic at all times relevant hereto.

**ANSWER:** The allegations of paragraph 21 set forth legal conclusions to which no response is required, but CoreLogic denies that it engaged in any wrongful conduct.

## COUNT I
## VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** CoreLogic adopts and incorporates its responses to the foregoing paragraphs as if fully stated herein.

23. Corelogic violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Mr. Graham as described above. 15 U.S.C. § 1681e(b).

**ANSWER:** CoreLogic denies the allegations of paragraph 23.

24. Corelogic also violated the FCRA by negligently and willfully failing to conduct a reasonable investigation of Mr. Graham's dispute to Corelogic as described above. 15 U.S.C. §1681i(a).

**ANSWER:** CoreLogic denies the allegations of paragraph 24.

25. Corelogic's conduct was a direct and proximate cause and/or substantial factor in causing the injuries to the Mr. Graham as described above.

**ANSWER:** CoreLogic denies the allegations of paragraph 25.

26. As a result of Corelogic's violations of FCRA identified herein, Defendant is liable to the Mr. Graham for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C §1681n & 1681o.

**ANSWER:** CoreLogic denies the allegations of paragraph 26.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief may be granted against CoreLogic and further fails to state facts sufficient to entitle Plaintiff to the relief sought or to any other relief from CoreLogic. See 15 U.S.C. § 1681(n).

## SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

To the extent Plaintiff's claims are based on any alleged act or omission of CoreLogic more than two (2) years prior to the commencement of this action, such claims are barred by the applicable statute of limitations. See 15 U.S.C. § 1681(p).

## THIRD AFFIRMATIVE DEFENSE
(Compliance with 15 U.S.C. § 1681e(e))

CoreLogic has sufficient procedures in place to ensure that the information it includes in its reports accurately reflects the information CoreLogic received from other credit reporting agencies, governmental agencies, and other third-party sources of consumer

information.  Accordingly, CoreLogic has fulfilled its statutory obligations pursuant to the FCRA.

### FOURTH AFFIRMATIVE DEFENSE
(Reasonable Procedures)

CoreLogic maintains, and has maintained at all pertinent times, reasonable policies and procedures in place to ensure that it is meeting all of its compliance requirements as a reseller of information under the FCRA, and that the information it includes in its reports accurately reflects the information provided to it from the applicable original sources.  Any alleged error contained within Plaintiff's report was not willful and occurred despite CoreLogic's reasonable procedures to ensure the accuracy of such information.

### FIFTH AFFIRMATIVE DEFENSE
(Intervening Cause)

Plaintiff's alleged damages, if any, were not caused by CoreLogic, but by another person or entity, for which CoreLogic is not responsible.  CoreLogic obtains its information from various public record sources and third-party data providers.  If the information was reported incorrectly by the source of the public record, CoreLogic is not liable to Plaintiff for reporting such information.

### SIXTH AFFIRMATIVE DEFENSE
(Comparative Fault)

The Complaint is barred by the fault and negligence of other persons or entities, and Plaintiff's damages, if any should be apportioned according to the principles of comparative fault.

SEVENTH AFFIRMATIVE DEFENSE
(Punitive Damages)

Plaintiff has failed to allege – and cannot prove – any factual circumstances that would entitle Plaintiff to a recovery of punitive damages from CoreLogic.  CoreLogic further adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

EIGHTH AFFIRMATIVE DEFENSE
(Qualified Immunity)

CoreLogic did not furnish false information regarding Plaintiff with malice or willful intent to injure Plaintiff.  CoreLogic cannot, therefore, be held liable to Plaintiff pursuant to section 15 U.S.C. § 1681h(e).

NINTH AFFIRMATIVE DEFENSE
(Mitigation)

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

TENTH AFFIRMATIVE DEFENSE
(Reservation)

CoreLogic reserves the right to assert additional affirmative defenses as they become known.

WHEREFORE, defendant CoreLogic Rental Property Solutions, LLC requests that judgment be entered in its favor, that this action be dismissed with prejudice, and that the Court award CoreLogic any other relief to which it may be entitled.

| | |
|---|---|
| OF COUNSEL: | /s/ M. Duncan Grant |
| | M. Duncan Grant (PA Bar No. 21726) |
| Christi A. Lawson | Erica H. Dressler (PA Bar No. 319953) |
| Foley & Lardner LLP | Pepper Hamilton LLP |
| 111 North Orange Avenue | 3000 Two Logan Square |
| Suite 1800 | Philadelphia, PA 19103-2799 |
| Orlando, FL 32801-2386 | Phone: 215.981.4000 |
| 407.244.3235 | Fax: 215.981.4750 |
| | grantm@pepperlaw.com |
| John J. Atallah | dresslere@pepperlaw.com |
| Foley & Lardner LLP | |
| 555 South Flower Street, Suite 3500 | |
| Los Angeles, CA 90071-2411 | |
| 213.972.4834 | |
| | *Attorneys for Defendant CoreLogic Rental Property Solutions, LLC* |
| Dated: October 13, 2017 | |

## CERTIFICATE OF SERVICE

I certify that on October 13, 2017, the foregoing Answer to Complaint and Affirmative Defenses was electronically filed via the CM/ECF system, which will send notification to counsel of record, as follows:

Gregory Gorski, Esq.
Two Logan Square
100 North 18th Street, Suite 300
Philadelphia, PA 19103
greg@greggorskilaw.com

*/s/ M. Duncan Grant*
M. Duncan Grant

-10-