IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| RALPH CHARLES GRAHAM<br><br>  Plaintiff,<br><br>v.<br><br>CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC<br><br>  Defendant. | Civil Action No. 17-3560 |

## FIRST AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Ralph Charles Graham brings this civil action for damages against Defendant Corelogic Rental Property Solutions, LLC ("Corelogic") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*.

### THE PARTIES

2. Mr. Graham is a natural person domiciled in Honey Brook, PA.

3. Corelogic is a Delaware limited liability company and registered to conduct business in the Commonwealth of Pennsylvania.

### JURISDICTION & VENUE

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District

of Pennsylvania, and Corelogic possesses sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

6. Mr. Graham is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

7. Corelogic is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

8. On or about December 30, 2016, Mr. Graham submitted an application to rent land from the MISA Corporation.

9. As part of considering Mr. Graham's rental application, MISA Corporation requested a criminal background report from Corelogic.

10. On or about December 30, 2016, Corelogic prepared and sold a criminal background report about Mr. Graham to MISA Corporation (the "Report").

11. The Report is a "consumer report" as that term is defined by the FCRA. 15 U.S.C §1681a(d)(1).

12. The Report included false, inaccurate, misleading and/or incomplete information (collectively the "Inaccurate Information") including but not limited to:

   a. a record of conviction for manslaughter which does not belong to Mr. Graham;

   b. failing to report the jurisdiction where the above manslaughter charge originated, the date that charges were filed or the date of conviction; and

   c. reporting an offense for disorderly conduct in an incomplete and misleading manner by failing to report that the charge in fact related to a traffic violation.

13. On or about January 11, 2017, Mr. Graham's rental application was denied in whole or substantial part because of the Inaccurate Information reported by Corelogic on the Report.

14. The Inaccurate Information included on the Report was the result of Corelogic's failure to follow reasonable procedures to assure maximum possible accuracy, *inter alia,* by: mixing criminal records that belong to another person on the Report; failing to employ procedures to properly match criminal records of individuals with common names; relying on incomplete and misleading criminal record information; and failing to consider and review actual court documents prior to including criminal records on consumer reports.

15. Corelogic acted recklessly by failing to follow reasonable procedure to assure maximum possible accuracy as described above, and further, Corelogic knew or should have known that the procedures it follows to prepare consumer reports will result in inaccuracies similar or identical to the inaccuracies that appeared on the Report prepared about Mr. Graham.

16. On or about January 20, 2017, Mr. Graham requested a disclosure of his consumer file from Corelogic.

17. On or about January 26, 2017, Corelogic sent Mr. Graham a consumer disclosure.

18. Although Corelogic's database reflected that the source of the manslaughter record was the New Jersey Department of Corrections and that the "sentence date" was November 1, 1979, Corelogic failed to include this information in the disclosure that it sent to Plaintiff.

19. Corelogic further misrepresented in the disclosure that the manslaughter record was a "criminal court action" when in fact the purported record was never obtained from criminal court records.

20. The source of the manslaughter record and the date of sentence are material items of information that would have been critical to Plaintiff's ability to research the veracity of the record.

21. Corelogic thus deprived Mr. Graham of his right to obtain a consumer disclosure containing all information in his file at the time of his request.

22. Corelogic further acted recklessly by misleading Plaintiff through its false representation in the consumer disclosure that the manslaughter record was a criminal court record.

23. On or about February 6, 2017, Mr. Graham disputed the Inaccurate Information with Corelogic directly.

24. On or about February 27, 2017, Corelogic responded to Mr. Graham's dispute by informing Mr. Graham in writing that it refused to delete and/or update the Inaccurate Information disputed by Mr. Graham.

25. Corelogic failed to conduct a reasonable investigation of Mr. Graham's dispute, *inter alia*, by: failing to conduct any investigation into the Inaccurate Information at all; failing to review and consider the information submitted by Mr. Graham; failing to contact Mr. Graham to elicit more specific information about his disputes; failing to obtain and review the actual court or police records related to the Inaccurate Information; and failing to contact persons or entities affiliated with the criminal records to verify their accuracy.

26. Corelogic acted recklessly by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading criminal records similar or identical to the result of Mr. Graham's dispute.

27. Mr. Graham has suffered injuries as result of Corelogic's conduct described above including but not limited to: a denied rental application, harm to reputation, humiliation, embarrassment, time lost disputing, informational injury and emotional distress.

28. Corelogic was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Corelogic at all times relevant hereto.

## COUNT I
## VIOLATIONS OF THE FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Corelogic violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Mr. Graham as described above. 15 U.S.C. §1681e(b).

31. Corelogic also violated the FCRA by negligently and willfully failing to conduct a reasonable investigation of Mr. Graham's dispute to Corelogic as described above. 15 U.S.C. §1681i(a).

32. Corelogic also violated the FCRA by negligently and willfully depriving Mr. Graham of receiving a consumer disclosure containing all information in his Corelogic file at the time of his request. 15 U.S.C. §1681g.

33. Corelogic's conduct was a direct and proximate cause and/or substantial factor in causing the injuries to the Mr. Graham as described above.

34. As a result of Corelogic's violations of FCRA identified herein, Defendant is liable to the Mr. Graham for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C §1681n & 1681o.

**PRAYER FOR RELIEF**

Plaintiff requests judgment in his favor and against Corelogic for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

**GORSKI LAW, PLLC**

/s/ Gregory Gorski
GREGORY GORSKI
PA Attorney ID: 91365
Two Logan Square
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorney for Plaintiff

Dated: February 27, 2018