**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RALPH CHARLES GRAHAM,**  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | |
| ) | Case No. 2:17-cv-03560-MMB |
| **CORELOGIC RENTAL PROPERTY**  ) | |
| **SOLUTIONS, LLC,**  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

**DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant CoreLogic Rental Property Solutions, LLC ("CoreLogic"), by and through its counsel, hereby answers the First Amended Complaint filed by Plaintiff Ralph Charles Graham ("Plaintiff") and asserts its defenses as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff Ralph Charles Graham brings this civil action for damages against Defendant Corelogic Rental Property Solutions, LLC ("Corelogic") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

**ANSWER:**  CoreLogic admits only that Plaintiff purports to bring a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, but CoreLogic denies that it has violated the FCRA or any other applicable law.

**THE PARTIES**

2.      Mr. Graham is a natural person domiciled in Honey Brook, PA.

**ANSWER:**  CoreLogic admits that Mr. Graham is a natural person, but it is without knowledge or information sufficient to form a belief as to the truth of the allegation that he is domiciled in Honey Brook, Pennsylvania.

1

3.     Corelogic is a Delaware limited liability company and registered to conduct business in the Commonwealth of Pennsylvania.

**ANSWER:** CoreLogic admits the allegations of paragraph 3.

### JURISDICTION & VENUE

4.     This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

**ANSWER:** CoreLogic admits that the court has federal question jurisdiction over FCRA claims.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and CoreLogic possesses sufficient contacts with the District to be deemed to reside in this District.

**ANSWER:** CoreLogic does not contest that venue is proper in this district.

### FACTUAL ALLEGATIONS

6.     Mr. Graham is a "consumer" as that term is defined by the FCRA.  15 U.S.C. §1681a(c).

**ANSWER:**  The allegations of paragraph 6 set forth legal conclusions to which no response is required.  However, CoreLogic does not contest the fact that plaintiff is an individual.

7.     CoreLogic is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

**ANSWER:**  CoreLogic denies that it is a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).  CoreLogic is a nationwide specialty consumer reporting agency, as defined pursuant to 15 U.S.C. § 1681a(x).

8.     On or about December 30, 2016, Mr. Graham submitted an application to rent land from the MISA Corporation.

**ANSWER:** CoreLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      As part of considering Mr. Graham's rental application, MISA Corporation requested a criminal background report from Corelogic.

**ANSWER:**   CoreLogic admits that as a part of the tenant screening report, MISA Corporation requested from CoreLogic a copy of Mr. Graham's  criminal history report.

10.      On or about December 30, 2016, Corelogic prepared and sold a criminal background report about Mr. Graham to MISA Corporation (the "Report").

**ANSWER:**   CoreLogic admits that as a part of the tenant screening report that MISA Corporation requested from CoreLogic, CoreLogic provided Mr. Graham's tenant screening report that included criminal history information.

11.      The Report is a "consumer report" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

**ANSWER:**   Paragraph 11 sets forth legal conclusions to which no response is required. Insofar as paragraph 11 asserts facts and requires a response, CoreLogic admits that the Report is a "consumer report" as that term is defined in 15 U.S.C. § 1681a(d)(1).

12.      The Report included false, inaccurate, misleading and/or incomplete information (collectively the "Inaccurate Information") including but not limited to:

    a.  a record of conviction for manslaughter which does not belong to Mr. Graham;

    b.  failing to report the jurisdiction where the above manslaughter charge originated, the date that charges were filed or the date of conviction; and

    c.  reporting an offense for disorderly conduct in an incomplete and misleading manner by failing to report that the charge in fact related to a traffic violation.

**ANSWER:**   CoreLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.      On or about January 11, 2017, Mr. Graham's rental application was denied in whole or substantial part because of the Inaccurate Information reported by Corelogic on the Report.

**ANSWER:**  CoreLogic is without knowledge or information sufficient to form a belief as

to the truth of the allegations of paragraph 13.

14.     The Inaccurate Information included on the Report was the result of Corelogic's failure to follow reasonable procedures to assure maximum possible accuracy, inter alia, by: mixing criminal records that belong to another person on the Report; failing to employ procedures to properly match criminal records of individuals with common names; relying on incomplete and misleading criminal record information; and failing to consider and review actual court documents prior to including criminal records on consumer reports.

**ANSWER:**  CoreLogic denies the allegations of paragraph 14.

15.     Corelogic acted recklessly by failing to follow reasonable procedure to assure maximum possible accuracy as described above, and further, Corelogic knew or should have known that the procedures it follows to prepare consumer reports will result in inaccuracies similar or identical to the inaccuracies that appeared on the Report prepared about Mr. Graham.

**ANSWER:**  CoreLogic denies the allegations of paragraph 15.

16.     On or about January 20, 2017, Mr. Graham requested a disclosure of his consumer file from CoreLogic.

**ANSWER:**  CoreLogic admits that Mr. Graham requested a copy of his consumer report

that was provided to MISA Corporation, but CoreLogic denies that Mr. Graham requested his

consumer file maintained by CoreLogic.

17.     On or about January 26, 2017, CoreLogic sent Mr. Graham a consumer disclosure.

**ANSWER:**   CoreLogic admits that pursuant to Mr. Graham's request, CoreLogic

provided Mr. Graham a consumer copy of the report CoreLogic provided to MISA Corporation.

CoreLogic denies all other allegations in paragraph 17.

18.     Although CoreLogic's database reflected that the source of the manslaughter record was the New Jersey Department of Corrections and that the "sentence date" was November 1, 1979, CoreLogic failed to include this information in the disclosure that it sent to Plaintiff.

**ANSWER:**  CoreLogic denies that it sent a "disclosure" to Mr. Graham, but rather

pursuant to Mr. Graham's request, CoreLogic provided Mr. Graham a consumer copy of the

report it had provided to MISA Corporation.  CoreLogic denies all other allegations in paragraph

18.

19.     CoreLogic further misrepresented in the disclosure that the manslaughter record was a "criminal court action" when in fact the purported record was never obtained from criminal court records.

**ANSWER:**  CoreLogic denies the allegations of paragraph 19.

20.     The source of the manslaughter record and the date of sentence are material items of information that would have been critical to Plaintiff's ability to research the veracity of the record.

**ANSWER:**  CoreLogic denies the allegations of paragraph 20.

21.     CoreLogic thus deprived Mr. Graham of his right to obtain a consumer disclosure containing all information in his file at the time of his request.

**ANSWER:**   CoreLogic denies that Mr. Graham requested a "consumer disclosure

containing all information in his file at the time of his request."  Mr. Graham requested a copy of

the consumer report that CoreLogic furnished to MISA Corporation.  Thus, CoreLogic denies

paragraph 21.

22.     CoreLogic further acted recklessly by misleading Plaintiff through its false representation in the consumer disclosure that the manslaughter record was a criminal court record.

**ANSWER:**  CoreLogic denies the allegations of paragraph 22.

23.     On or about February 6, 2017, Mr. Graham disputed the Inaccurate Information with Corelogic directly.

**ANSWER:**  CoreLogic admits only that on or about February 3, 2017, Plaintiff contacted

CoreLogic to dispute the accuracy of criminal background information about Plaintiff.

CoreLogic denies that it reported inaccurate, misleading, or incomplete information about

Plaintiff at any relevant time.

24.     On or about February 27, 2017, Corelogic responded to Mr. Graham's dispute by informing Mr. Graham in writing that it refused to delete and/or update the Inaccurate Information disputed by Mr. Graham.

**ANSWER:**  CoreLogic admits only that CoreLogic sent Plaintiff a letter dated February 27, 2017.  That document speaks for itself, and CoreLogic denies any characterization of the document that is inconsistent with the document when read in its entirety.  CoreLogic denies the remaining allegations in paragraph 24.

25.     Corelogic failed to conduct a reasonable investigation of Mr. Graham's dispute, inter alia, by: failing to conduct any investigation into the Inaccurate Information at all; failing to review and consider the information submitted by Mr. Graham; failing to contact Mr. Graham to elicit more specific information about his disputes; failing to obtain and review the actual court or police records related to the Inaccurate Information; and failing to contact persons or entities affiliated with the criminal records to verify their accuracy.

**ANSWER:**  CoreLogic denies the allegations of paragraph 25.

26.     Corelogic acted recklessly by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading criminal records similar or identical to the result of Mr. Graham's dispute.

**ANSWER:**  CoreLogic denies the allegations of paragraph 26.

27.     Mr. Graham has suffered injuries as result of Corelogic's conduct described above including but not limited to: a denied rental application, harm to reputation, humiliation, embarrassment, time lost disputing, informational injury and emotional distress.

**ANSWER:**  CoreLogic denies the allegations of paragraph 27.

28.     Corelogic was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Corelogic at all times relevant hereto.

**ANSWER:**  The allegations of paragraph 28 set forth legal conclusions to which no response is required, but CoreLogic denies that it engaged in any wrongful conduct.

## COUNT I
## VIOLATIONS OF THE FCRA

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**  CoreLogic adopts and incorporates its responses to the foregoing paragraphs as if fully stated herein.

30.    Corelogic violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Mr. Graham as described above. 15 U.S.C. § 1681e(b).

**ANSWER:**  CoreLogic denies the allegations of paragraph 30.

31.    Corelogic also violated the FCRA by negligently and willfully failing to conduct a reasonable investigation of Mr. Graham's dispute to Corelogic as described above. 15 U.S.C. §1681i(a).

**ANSWER:**  CoreLogic denies the allegations of paragraph 31.

32.    CoreLogic also violated the FCRA by negligently and willfully depriving Mr. Graham of receiving a consumer disclosure containing all information in his CoreLogic file at the time of his request. 15 U.S.C. § 1681g.

**ANSWER:**  CoreLogic denies the allegations of paragraph 32.

33.    Corelogic's conduct was a direct and proximate cause and/or substantial factor in causing the injuries to the Mr. Graham as described above.

**ANSWER:**  CoreLogic denies the allegations of paragraph 33.

34.    As a result of Corelogic's violations of FCRA identified herein, CoreLogic is liable to the Mr. Graham for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §1681n & 1681o.

**ANSWER:**  CoreLogic denies the allegations of paragraph 34.

## PRAYER FOR RELIEF

Plaintiff requests judgment in his favor and against Corelogic for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

**ANSWER:**  CoreLogic denies Plaintiff is entitled to recover from CoreLogic, and therefore denies Plaintiff's Prayer for Relief in its entirety.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

**ANSWER:**  CoreLogic admits that Plaintiff has demanded a trial by jury, but denies that it is liable to Plaintiff in any way.

## CORELOGIC'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted against CoreLogic and further fails to state facts sufficient to entitle Plaintiff to the relief sought or to any other relief from CoreLogic.  See 15 U.S.C. § 1681(n).

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

To the extent Plaintiff's claims are based on any alleged act or omission of CoreLogic more than two (2) years prior to the commencement of this action, such claims are barred by the applicable statutes of limitations.  See 15 U.S.C. § 1681p.

### THIRD AFFIRMATIVE DEFENSE
(Compliance with 15 U.S.C. § 1681e(e))

CoreLogic has sufficient procedures in place to ensure that the information it includes in its reports accurately reflects the information CoreLogic received from other credit reporting agencies, governmental agencies, and other third-party sources of consumer information. Accordingly, CoreLogic has fulfilled its statutory obligations pursuant to the FCRA.

### FIFTH AFFIRMATIVE DEFENSE
(Reasonable Procedures)

CoreLogic maintains, and has maintained at all pertinent times, reasonable policies and procedures in place to ensure that it is meeting all of its compliance requirements as a national

specialty consumer reporting agency  under the FCRA, and that the information it includes in its consumer reports accurately reflects the information reported. Any alleged error contained within Plaintiff's report was not willful, and occurred despite CoreLogic's reasonable procedures to ensure the accuracy of such information.

**FIFTH AFFIRMATIVE DEFENSE**
(Intervening Cause)

Plaintiff's alleged damages, if any, were not caused by CoreLogic, but by another person or entity for which or for which CoreLogic is not responsible. CoreLogic obtains its information from various public record sources and third-party data providers.  If the information was reported incorrectly by the source of the public record, CoreLogic is not liable to Plaintiff for reporting such information.

**SIXTH AFFIRMATIVE DEFENSE**
(Comparative Fault)

The Complaint is barred by the fault and negligence or other persons or entities, and Plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

**SEVENTH AFFIRMATIVE DEFENSE**
(Punitive Damages)

Plaintiff has failed to state and cannot prove any factual situation by which Plaintiff would be entitled to a recovery of punitive damages from CoreLogic.  CoreLogic further adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

EIGHTH AFFIRMATIVE DEFENSE
(Qualified Immunity)

CoreLogic did not furnish false information regarding Plaintiff with malice or willful intent to injure Plaintiff.  CoreLogic cannot, therefore, be held liable to Plaintiff pursuant to 15 U.S.C. § 1681h(e).

NINTH AFFIRMATIVE DEFENSE
(Mitigation)

At all relevant times herein, Plaintiff's alleged damages, which CoreLogic denies exist, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

TENTH AFFIRMATIVE DEFENSE
(Reservation)

CoreLogic reserves the right to assert additional defenses that it learns through the course of discovery.

WHEREFORE, defendant CoreLogic Rental Property Solutions, LLC requests that judgment be entered in its favor, that this action be dismissed with prejudice, and that the Court award CoreLogic any other relief to which it may be entitled.

//

//

//

//

//

//

//

Dated:  April 19, 2018                              Respectfully submitted,


                                                    */s/ M. Duncan Grant*
                                                    _____

                                                    Christi A. Lawson (FL Bar No. 0498351)
                                                        (admitted *pro hac vice*)
                                                    Foley & Lardner LLP
                                                    111 North Orange Avenue, Suite 1800
                                                    Orlando, FL 32801-2386
                                                    Phone: 407.423.7656
                                                    Fax: 407.648.1743
                                                    clawson@foley.com

                                                    John J. Atallah (CA Bar No. 294116)
                                                        (admitted *pro hac vice*)
                                                    Foley & Lardner LLP
                                                    555 South Flower Street, Suite 3500
                                                    Los Angeles, CA 90071-2411
                                                    Phone: 213.972.4500
                                                    Fax: 213.486.0065
                                                    jatallah@foley.com

                                                    M. Duncan Grant (PA Bar No. 21726)
                                                    Erica H. Dressler (PA Bar No. 319953)
                                                    Pepper Hamilton LLP
                                                    3000 Two Logan Square
                                                    Philadelphia, PC 19103-2799
                                                    Phone: 215.981.4000
                                                    Fax: 215.981.4750
                                                    grantm@pepperlaw.com
                                                    dresslere@pepperlaw.com

                                                    *Attorneys for Defendant CoreLogic Rental*
                                                    *Property Solutions, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 19, 2018, the foregoing Answer to Plaintiff's First Amended Complaint and Affirmative Defenses was electronically filed via the CM/ECF system, which will send notification to counsel of record, as follows:

Gregory Gorski
Two Logan Square
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
greg@greggorskilaw.com

*/s/ M. Duncan Grant*
M. Duncan Grant